**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT DEAN BLAUROCK,**

                **Petitioner,**

      v.                                      **CASE NO. 21-3231-SAC**

**STATE OF KANSAS, et al.,**

                **Respondents.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, the Court will dismiss this matter for lack of jurisdiction.

**Background**

In 2005 and 2006, Petitioner was convicted in Kansas state courts of numerous sex offenses and sentenced to a controlling sentence of 317 months in prison. *State v. Blaurock*, 2020 WL 593896, *1 (Kan. Ct. App. Feb. 7, 2020) (unpublished opinion) (*Blaurock VI*), *rev. denied* Sept. 29, 2020; *State v. Blaurock*, 41 Kan. App. 2d 178, 181 (Kan. Ct. App. 2009) (*Blaurock I*), *rev. denied* Nov. 5, 2009. Petitioner unsuccessfully pursued a direct appeal and then habeas corpus relief in the state courts. *Blaurock I*, 41 Kan. App. 2d at 180-81; *Blaurock v. State*, 2015 WL 1122935, *1 (Kan. Ct. App. March 6, 2015) (unpublished opinion) (*Blaurock II*), *rev. denied* Sept. 14, 2015.

In December 2015, Petitioner filed with this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. *Blaurock v. State of Kansas*, Case No. 15-cv-3274-DDC, Doc. 1. The Court denied the petition in December 2016, holding that 28 of Petitioner's 31 asserted grounds for relief were procedurally defaulted and the remaining three failed on their merits. *Blaurock v. Kansas*, 2016 WL 7157581, at *5-9-10 (D. Kan. Dec. 8, 2016)(*Blaurock III*).

After another unsuccessful request for habeas relief in the state district court pursuant to K.S.A. 60-1507, *see Blaurock v. State*, 2019 WL 7207548 (Kan. Ct. App. Dec. 27, 2019) (unpublished opinion)(*Blaurock V*), *rev. denied* Sept. 24, 2020, Petitioner returned to this Court. On September 10, 2021, Petitioner filed in this Court a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court conducted an initial review of the petition and, on September 15, 2021, dismissed it for lack of jurisdiction as an unauthorized or successive petition. *Blaurock v. Kansas*, 2021 WL 4191946 (D. Kan. Sept. 15, 2021) (unpublished memorandum and order). The Court declined to issue a COA, and Petitioner has filed a notice of appeal with the Tenth Circuit.

On September 24, 2021, Petitioner filed a third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Although he articulates different grounds for relief, he challenges the same state convictions he challenged in his most recent § 2254 petition, and he asks the Court to order "[r]eversal of State court decisions denying relief, remand [with] instruct[ions] to enforce and impose lesser included offense punishments [for] Counts IX and XI." *Id.* at 14.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a successive application for habeas corpus. As noted above, the first application was adjudicated in *Blaurock v. State*, Case No. 15-cv-3274-DDC and the second application was dismissed for lack of jurisdiction in *Blaurock v. State*, Case No. 21-cv-3217-SAC. As the Court has already explained to Petitioner, under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Under 28 U.S.C. § 2244(b), claims presented in successive § 2254 petitions shall be dismissed unless the applicant makes certain showings. The Court has reviewed the petition and concludes that Petitioner has not done so. Thus, it would not serve

the interest of justice to transfer the petition to the Tenth Circuit for possible authorization. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

The Court also concludes that its ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 28th day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge